ELECTRONICALLY FILED - 2021 Jan 07 6:45 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000064

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> MARY FRANCIS MASON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAFFLE HOUSE, INC., ) <br> ) <br> Defendant. ) | IN THE COURT OF COMMON PLEAS <br> FOR THE NINTH JUDICIAL CIRCUIT <br><br> Case No. <br><br> **SUMMONS** |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demand in the complaint.

January 8, 2021  
Charleston, South Carolina

s/ Thomas M. Fernandez (Bar No. 103125)  
FERNANDEZ LAW LLC  
108 Whaler Avenue  
Summerville, South Carolina 29486  
Phone: (843) 580-6045  
Facsimile: (843) 970-1814  
Tom@TomFernandezLaw.com  
*Attorney for the Plaintiff*

ELECTRONICALLY FILED - 2021 Jan 07 6:45 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000064

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF CHARLESTON   ) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| )<br>MARY FRANCIS MASON,      )<br>)<br>Plaintiff,    )<br>)<br>vs.                           )<br>)<br>WAFFLE HOUSE, INC.,      )<br>)<br>Defendant.  ) | Case No.<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

COMES NOW the Plaintiff Mary Francis Mason, complaining of the Defendant Waffle House, Inc., based on the allegations set forth below.

### **PARTIES**

1. The Plaintiff, Mary Francis Mason, is a citizen and resident of Charleston County, South Carolina.

2. The Defendant, Waffle House, Inc. is a corporation organized and existing pursuant to the laws of the State of South Carolina.

### **JURISDICTION & VENUE**

3. The Court has jurisdiction over this case and these parties under S.C. Const. art. V, § 11.

4. Venue is proper in Charleston County because the acts and/or omissions occurred in Charleston County, under the common law of South Carolina and S.C. Code Ann. § 15-7-30 (Supp. 2005).

5. The most substantial part of the alleged acts or omissions giving rise to these causes of action occurred in Charleston County.

ELECTRONICALLY FILED - 2021 Jan 07 6:45 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000064

## FACTS

6. On June 6, 2020, Plaintiff, Mary Francis Mason, was eat breakfast at the Waffle House on University Blvd near Trident Hospital.

7. After she was done eating, Mary went into the women's bathroom.

8. When she sat down on the toilet, the plastic seat was immediately left the toilet, shot to the side, spilling Mary to the tile floor where medical care revealed a fractured sacrum.

9. It was discovered that the plastic toilet seat was not connected to the porcelain bowl of the toilet and instead was precariously placed and centered on top of the toilet with no indication it was "out-of-order."

10. At all times relevant, Defendant Waffle House, Inc. owned the property.

11. Said toilet is a common element inside the Waffle House restaurant and is under the control and management of Waffle House.

## FOR A FIRST CAUSE OF ACTION
Negligence, Gross Negligence & Recklessness

12. Plaintiff incorporates by reference all allegations in paragraphs above in this cause of action.

13. At all times relevant, Plaintiff was a guest, licensee, of Waffle House, located at 8994 University Blvd., North Charleston, SC 29406 owned by Waffle House, Inc.; Plaintiff was not a trespasser.

14. At all times relevant, Defendant owed a duty to Plaintiff to exercise reasonable care to warn Plaintiff of latent, dangerous conditions that the Defendant is aware of.

15. The toilet and toilet cover that Plaintiff sat on when she used the women's bathroom was in serious disrepair.

16. Defendant Waffle House had actual notice of the latent, dangerous condition, as the

ELECTRONICALLY FILED - 2021 Jan 07 6:45 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000064

General Manager, "Tee" had mentioned the toilet seat was known to be broken and she notified "corporate."

17. Defendant Waffle House had actual notice of the latent, dangerous condition, as they created said condition.

18. Defendant did not warn Plaintiff of the latent, dangerous condition.

19. Defendant negligently, recklessly, willfully, wantonly, or carelessly breached their duty to Plaintiff by:

    a. Creating and not remedying a latent, dangerous condition in a common area; and
    b. by not informing him of the latent, dangerous condition that they had knowledge of or they created.

20. As a direct and proximate result of this breach, Plaintiff suffered a horrible fall and sustained injuries, including, but not limited to, the following:

    a. Sacral insufficiency fractures.
    b. Small insufficiency fracture right symphysis pubis;
    c. Severe and permanent physical injury and impairment;
    d. Pain and suffering from the time of the incident to the present;
    e. Certainty of future pain and suffering;
    f. Substantial loss of enjoyment of life, recreational opportunities and companionship;
    g. Loss of independence;
    h. Medical expenses to date;
    i. Certainty of future medical expenses; and
    j. Difficulty in performing numerous activities of daily living, including bathing, dressing, personal hygiene.

21. As a direct and proximate result of the aforementioned acts or omissions constituting negligence, gross negligence, recklessness, willfulness, wantonness, or carelessness on the part of Defendant, Plaintiff Mary Francis Mason sustained and suffered physical harm and injury, pain and suffering, and distress all of which resulted in Plaintiff's medical expenses for medical treatment and services.

**WHEREFORE**, Plaintiff Mary Francis Mason prays that judgment be entered in favor of Plaintiff against Defendant Waffle House, Inc. as follows:

1. Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by a jury;

2. Nominal, incidental, and consequential damages, in an amount to be determined by a jury;

3. Punitive damages, adequate to punish Defendant named for wrongful behavior, sufficient to deter Defendant named and others from continuing or repeating such similar conduct warranting punishment, in an amount to be determined by a jury;

4. All costs, interest as authorized by law, disbursements, and all reasonable attorney's fees associated with this action; and

5. All such other and further relief as this Court or the trier of fact may deem just and proper.

Respectfully submitted,

s/ Thomas M. Fernandez (Bar No. 103125)
FERNANDEZ LAW LLC
108 Whaler Avenue
Summerville, South Carolina 29486
Phone: (843) 580-6045
Facsimile: (843) 970-1814
Tom@TomFernandezLaw.com
*Attorney for the Plaintiff*

ELECTRONICALLY FILED - 2021 Jan 07 6:45 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000064